UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STERLING COLLISION CENTERS,
INC.,

    Plaintiff/Counter-Defendant,

v.

KELLI KILDUFF,

    Defendant/Counter-Plaintiff.
_____/

Case No. 16-10103

Honorable John Corbett O'Meara

## ORDER GRANTING PLAINTIFF'S AUGUST 30, 2016 MOTION

This matter came before the court on plaintiff Sterling Collision Center's August 30, 2016 Motion to Dismiss Defendant's Amended Counterclaim, Motion for Judgment on the Pleadings or by Default. Defendant Kelli Kilduff filed a response October 4, 2016; and Plaintiff filed a reply brief October 10, 2016. Oral argument was heard October 20, 2016. For the reasons that follow, the court will grant Plaintiff's motion in its entirety.

## BACKGROUND FACTS

Plaintiff filed this action to enforce the terms of an ERISA Plan regarding the Plan's reimbursement and lien rights in a settlement fund currently being held in escrow as security for that lien. There is no dispute that the Plan has paid $488,442.73

in benefits on defendant Kilduff's behalf for her medical treatment and that the Plan is entitled to reimbursement. In her counterclaim, however, Kilduff alleges that the Plan should have paid more of her medical bills.

The plaintiff Plan filed a motion to dismiss Defendant's amended counterclaim, along with a motion for judgment on the pleadings or default regarding Plaintiff's complaint.

## LAW AND ANALYSIS

There is no dispute that the plaintiff Plan is entitled to reimbursement as alleged in its complaint. Therefore, the court will grant Plaintiff's motion for judgment on the pleadings.

Kilduff's amended counterclaim seeks "equitable relief"; however, in her response brief she specifically requests an award of money damages. "Therefore, as a result of this[,] Defendant/Counter-Plaintiff was personally injured for over $250,000.00." Resp. br. at 19.

"ERISA restricts plan beneficiaries to equitable relief with no recourse to money damages . . . . ERISA does not permit plan beneficiaries to claim money damages from plan fiduciaries." Helfrich v. PNC Bank, Kentucky, Inc., 267 F.3d 477, 481-83 (6th Cir. 2001). "Although they often dance around the word, what petitioners in fact seek is nothing other than compensatory damages–money relief for all losses . . .

sustained as a result of the alleged breach of fiduciary duties.  Money damages are, of course, the classic form of *legal* relief." Mertens v. Hewitt Assoc., 508 U.S. 248, 255 (1993) (emphasis in original).

To the extent Kilduff claims to be seeking equitable relief, declaring that the medical providers should have paid additional sums from the Plan on her behalf, the Plan's lien and right to reimbursement against her would correspondingly increase the same amount.  The net effect of any additional payments to providers would not have granted any relief to her under the Plan.  Therefore, Kilduff fails to state a claim upon which relief could be granted under ERISA.

Finally, Kilduff's claim that the Plan should have paid for *all* of her medical expenses is contradicted by the express language of the Plan itself, which states that the Plan is *not* required to pay all of her medical expenses.

## ORDER

It is hereby **ORDERED** that plaintiff Sterling Collision Center's August 30, 2016 motion is **GRANTED** in its entirety.

s/John Corbett O'Meara<br>
United States District Judge

Date:  November 22, 2016

     I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, November 22, 2016, using the ECF system.

                                                   s/William Barkholz
                                                   Case Manager